# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# WESTERN DIVISION

**JERRY LEE WARNER, #84411**  **PLAINTIFF**

**versus**  **CIVIL ACTION NO. 5:08-cv-294-DCB-MTP**

**CHRISTOPHER EPPS, et al.**  **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

This cause comes before this Court *sua sponte* for consideration of dismissal. On October 15, 2008, an order [3] was entered denying the prisoner Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(g),[1] commonly referred to as the "three strikes" provision. The Order directed Plaintiff to pay the full filing fee of $350.00, within twenty days. The Plaintiff was warned that his failure to pay the filing fee in a timely manner would result in the dismissal of this case.

Instead of complying with the Court's order, Plaintiff filed a "Motion to Oppose," wherein he argued that he did not have "three strikes." On November 25, 2008, the Court entered an order [5] denying Plaintiff's "Motion to Oppose."[2] This Order also unequivocally stated

> [T]he deadline for payment of the filing fee established in the Court's order [3] denying Plaintiff's Motion to proceed *in forma pauperis* is not altered. . . . Plaintiff is

---

[1] "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

[2] The Order also directed that Plaintiff receive certain documents filed in his "strike" cases for his reference.

warned that failure to timely comply with this Court's order directing him to pay the filing fee will result in the dismissal of this case.

*Order* [3], p.2-3. Plaintiff has not complied with the Court's order to pay the filing fee.

This Court has the authority to dismiss an action for the Plaintiff's failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure and under its inherent authority to dismiss the action *sua sponte*. *See Link v. Wabash R.R.*, 370 U.S. 626, 629 (1962); *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998); *McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir. 1988). The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. *Link*, 370 U.S. at 630. Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars" of the Court. *Id*. at 629-30.

Plaintiff has failed to pay the filing fee, thereby failing to comply with two court orders. The Court concludes that dismissal of this action for Plaintiff's failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure is proper. Since the Defendants have not been called on to respond to Plaintiff's pleading, and the Court has not considered the merits of Plaintiff's claims, the Court's order of dismissal is without prejudice. *See Munday/Elkins Auto. Partners, LTD. v. Smith*, No. 05-31009, 2006 WL 2852389, at *2 (5th Cir. Oct. 2, 2006).

IT IS THEREFORE ORDERED AND ADJUDGED that the Plaintiff's complaint shall be dismissed without prejudice. A Final Judgment in accordance with this Memorandum Opinion and Order will be entered.

This the 22nd day of December, 2008.


              _s/ David Bramlette_
              UNITED STATES DISTRICT JUDGE